UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON WISNIEWSKI and
LINDA WISNIEWSKI,

    Plaintiffs,

v.

JACIT SINGH CHEEMA and
TRUCKDEPOT.COM, INC.,

    Defendants.
_____/

Case No. 09-10111

Hon. Gerald E. Rosen

**OPINION AND ORDER DENYING
PLAINTIFFS' MOTION FOR REMAND**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     July 22, 2009

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

### I. INTRODUCTION

Plaintiffs Aaron and Linda Wisniewski commenced this suit in state court in August of 2008, seeking to recover for injuries suffered by Mr. Wisniewski when a car he was driving was hit by a truck operated by Defendant Jacit Singh Cheema and owned by Defendant TruckDepot.com, Inc. Defendants removed the action to this Court on January 9, 2009, citing the diverse citizenship of the parties and documentation they had recently received indicating that the amount in controversy exceeded $75,000. In a

January 14, 2009 response to Defendants' notice of removal, Plaintiffs did not challenge Defendants' claim of an amount in controversy in excess of $75,000,[1] but instead contended that Defendants' removal of the case was untimely because they purportedly could have more promptly obtained the materials upon which they based their amount-in-controversy determination.[2]

Through the present motion filed on June 23, 2009 — nearly six months after removal — Plaintiffs now seek remand of this case to state court, citing "additional treatment and information obtained from [Mr. Wisniewski's] treating physicians" that has led to their "willing[ness] to stipulate that his damages are worth less than $75,000." (Plaintiffs' Motion for Remand at ¶ 6.) Defendants filed a response in opposition to this motion on July 8, 2009, noting that the requisite $75,000 amount in controversy was

---

[1] Nor does the Court's own review of the record call this matter into question, where the complaint alleges (i) that Mr. Wisniewski "sustained serious and grievous injuries," including "injuries to his left shoulder, neck, and to the muscles, cords, and ligaments in said areas, and to the legs and arms, and additional injuries generally throughout the entire body," (ii) that these injuries "constitute a serious impairment of body function, and serious and permanent disfigurement," and (iii) that, as a result of these injuries, Mr. Wisniewski suffered "[p]ermanent injury and incapacity," loss of past and future wages, and past and future pain and suffering. (Complaint at ¶¶ 16-19.) In addition, Defendants' notice of removal provides further details as to the nature and extent of Mr. Wisniewski's claimed injuries. (*See* Notice of Removal at ¶ 5.) Finally, the record reveals that at the time of removal, Defendants asked Plaintiffs to admit that the amount in controversy did not exceed $75,000, but Plaintiffs declined to do so.

[2] In this January 14, 2009 response, Plaintiffs invited the Court to "deny" Defendants' "request" for removal on grounds of untimeliness. They did not, however, file a motion seeking remand of the case on this basis, and the time for doing so has now passed. *See* 28 U.S.C. § 1447(c). It should be noted that a notice of removal is not merely a "request" that a federal court must act upon in order to remove a case from state court, but instead is self-executing once the removing party has "give[n] written notice thereof to all adverse parties and . . . file[d] a copy of the notice with the clerk of such State court." 28 U.S.C. § 1446(d).

established at the time of removal, and arguing that Plaintiffs' newly-discovered facts and proffered stipulation cannot defeat the subject matter jurisdiction that this Court properly acquired upon removal. As explained below, the Court finds that Defendants have the better of the argument on this issue, and that remand is not warranted.

## II.  ANALYSIS

The Supreme Court long ago held that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 293, 58 S. Ct. 586, 592 (1938) (footnote omitted). Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul,* 303 U.S. at 292, 58 S. Ct. at 592 (footnote omitted).

Applying this decision under circumstances similar to those presented here — namely, where the plaintiff has stipulated, following removal, to damages less than the $75,000 threshold of 28 U.S.C. § 1332(a) — the Sixth Circuit has concluded that such a post-removal stipulation does not overcome the rule of *St. Paul:*

> Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction. Therefore, consistent with *St. Paul* and previous unpublished Sixth Circuit opinions, we hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court.

*Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 872 (6th Cir. 2000).  The decisions of other circuits are in accord on this point.  *See, e.g., Bell v. Hershey Co.,* 557 F.3d 953, 958 (8th Cir. 2009); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995); *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992); *see also Rhynard v. State Farm Insurance,* No. 09-10972, 2009 WL 1580260, at *1 (E.D. Mich. June 3, 2009) (explaining that the plaintiff's "post-removal stipulation is irrelevant because Sixth Circuit authority limits a district court's inquiry to facts as they stood at the time of removal").  In light of the binding Sixth Circuit precedent on this point, and given the absence of any claim that the amount-in-controversy threshold was not met at the time of removal, it is clear that Plaintiffs' recent offer to stipulate to damages of less than $75,000[3] does not divest this Court of subject matter jurisdiction or require that this case be remanded to state court.

In the one-sentence "brief" in support of their motion, Plaintiffs do not even attempt to address or distinguish this case law, much less identify any authority that might suggest a different result.[4]  Neither has the Court's own research uncovered any

---

[3] It is worth noting that Plaintiffs have not actually produced any such stipulation. Instead, they have provided only a letter from their counsel setting forth a settlement demand of $50,000.

[4] In fact, there are district court decisions holding that a remand is warranted in light of a post-removal stipulation to an amount in controversy less than the statutory threshold.  *See, e.g., Villano v. Kohl's Department Stores, Inc.,* 362 F. Supp.2d 418, 420-41 (S.D.N.Y. 2005); *Brooks v. Pre-Paid Legal Servs., Inc.,* 153 F. Supp.2d 1299, 1301-02 (M.D. Ala. 2001).  Yet, this Court is not at liberty to disregard the Sixth Circuit's contrary ruling in *Rogers.*

support for remand under the circumstances presented here.[5]  Accordingly, Plaintiffs' recent offer to stipulate to damages of less than $75,000 does not divest this Court of jurisdiction or warrant a remand.

### III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' June 23, 2009 motion for remand (docket #10) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  July 22, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 22, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager

---

[5] Some courts within this Circuit have reasoned that *Rogers* is not applicable where a plaintiff's post-removal stipulation merely "clarifies" the amount of damages sought in the underlying complaint, as opposed to ***reducing*** the demand made in this initial pleading.  *See, e.g., Egan v. Premier Scales & Systems,* 237 F. Supp.2d 774, 776-78 (W.D. Ky. 2002).  This Court need not decide whether *Rogers* is distinguishable on this ground, because Plaintiffs do not contend that their recent stipulation merely clarifies the amount of damages they have sought since the commencement of this suit.